UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARSON EVANS,

    Plaintiff,

v.                                  Case No. 5:21-cv-197-TKW/MJF

FREDDIE ROULHAC & JOHNNY
MCDANIEL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.[1]

## I. BACKGROUND

On September 27, 2021, Plaintiff, a pretrial detainee proceeding *pro se*, initiated this section 1983 action in the United States District Court for the Middle District of Florida. Doc. 1. On September 30, 2021, this action was transferred to the United States District Court for the Northern District of Florida because the events

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

giving rise to his claims occurred in the Jackson County Jail, which is located in the Northern District of Florida. Docs. 3, 4.

On September 30, 2021, because Plaintiff filed his complaint on a form approved for use in the Middle District of Florida, the undersigned ordered Plaintiff to file an amended complaint on the form approved for use by the Local Rules of the United States District Court for the Northern District of Florida. Doc. 6. The undersigned imposed a deadline of October 28, 2021 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for, among other things, failure to comply with an order of the court, failure to prosecute, and failure to comply with the Local Rules. *Id.* at 4.

On October 13, 2021, Plaintiff filed an amended complaint. Doc. 7. On October 19, 2021, because Plaintiff's amended complaint violated the Local Rules and stated claims likely barred by Florida's four-year statute of limitations, the undersigned ordered Plaintiff to file a second amended complaint or a notice of voluntary dismissal. Doc. 10. The undersigned imposed a deadline of November 18, 2021 to comply. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* at 10. Plaintiff did not comply with the order.

On December 2, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of October 19, 2021. Doc. 11. The undersigned imposed a deadline of January 3, 2022 to comply. The undersigned again warned Plaintiff—for a third time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is

not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On October 19, 2021, the undersigned ordered Plaintiff to file a second amended complaint or a notice of voluntary dismissal. Doc. 10. Despite having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause.[2] For these reasons, the undersigned recommends that this action be dismissed without prejudice.[3]

---

[2] The undersigned's show-cause order was returned to the clerk of the court as "undeliverable." Doc. 12. That, however, does not alter this report and recommendation. Plaintiff is responsible for keeping this court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action.

[3] It is worth noting that Plaintiff knew of the events giving rise to his injuries, as well as who inflicted those injuries, in August 1985—*over thirty-six years ago*. Doc. 7 at 5-6. Plaintiff's section 1983 claims, therefore, have long been barred by Florida's four-year statute of limitations. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 14th day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**